*Davis v. Greenlaw*, No. 154-4-14 Bncv (Wesley, J., July 17, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT                                              CIVIL DIVISION
Bennington Unit                                        Docket No. 154-4-14 Bncv

| Davis et al vs. Greenlaw et al |
|---|

## ENTRY REGARDING MOTION

Count 1, Eviction (154-4-14 Bncv)
Count 2, Eviction (154-4-14 Bncv)

Title:             Motion for Payment of Rent Into Court (Motion 1)
Filer:             George Davis
Attorney:       K. James Malady
Filed Date:     April 25, 2014

Supplemental memoranda filed by each party

**The motion is DENIED.**

### Decision Denying Plaintiffs' Motion for Payment of Rent into Court

### Background

Plaintiffs have brought this ejectment complaint for recovery of possession of residential property and back rent. Defendants counterclaim for breach of contract, breach of the covenant of good faith, fraudulent concealment, breach of the warranty of habitability, and unjust enrichment.

The parties came to a written agreement, which they labeled a "home sale contract." The agreement was signed and dated on February 14, 2013. Plaintiffs agreed to sell and Defendants agreed to buy property at 249 Old Harbour Road for $150,000. Defendants would live in the property and pay Plaintiffs "$800 monthly, to be subtracted from the principal." Defendants also agreed to seek financing and attempt to sell property Defendants owned in Florida and then apply the proceeds to the loan. Plaintiffs agreed to "pay for any preexisting mortgage, back payments, leans [sic], or previous loans on the property."

The dispute arose when Defendants realized the property was in foreclosure. At the time of the "home sale contract" agreement, Plaintiffs were in default on a loan on the property made by People's United Bank. Subsequently, People's United Bank initiated a foreclosure proceeding. When Defendants realized the property was in foreclosure, they stopped paying Plaintiffs the $800 per month. Defendants also claimed the house on the property has habitability issues related to mold and contaminated water.

On April 25, 2014, Plaintiffs filed a motion for payment of rent into Court. On June 23, 2014, the Court held a hearing on the motion. Attorney James Malady represented Plaintiffs. Attorney Brain Marthage represented Defendants. After reviewing the file, and considering the presentations by counsel, the Court suggested the agreement between the parties might have created something other than a landlord-tenant relationship. The Court cited counsel to *Kellogg v. Shushereba* and directed the parties to brief whether the claims here had a sufficient basis in any landlord-tenant agreement so as to support a rent escrow order. *See* 2013 VT 76.

Both parties submitted supplemental memoranda. Defendants argue under *Kellogg*, the agreement was a contract for deed and therefore landlord-tenant remedies are not available to Plaintiffs. Plaintiffs conceded the agreement was likely a contract for deed, but still claimed a sufficient basis in the facts and law to go forward with an ejectment action.

## Discussion

The Court must determine whether the agreement is a contract for sale, or a lease option agreement enforceable through the ejectment proceedings under the Residential Rental Agreements Act, 9 V.S.A. § 4451 et seq.  Defendants have not yet moved to dismiss the complaint as failing to state a claim, and raise breach of warranty of habitability as an affirmative defense and counterclaim, see 9 V.S.A. § 4457.  Defendants, however, also argue Plaintiffs are not entitled to a pay rent order because Plaintiffs are not landlords. Two cases define the difference between a contract for deed and lease option agreement. *See Kellogg*, 2013 VT 76, ¶ 15; *Prue v. Royer*, 2013 VT 12, ¶¶ 21–24, 193 Vt. 267.

*Prue* involved a written contract for deed for the purchase and sale of a bar. 2013 VT 12, ¶¶ 1–2. The parties initially agreed the buyer would pay $1,400 per month for five years and then pay the principal plus interest. *Id.* ¶ 6. Four years later, the parties agreed to change the agreement to a twenty-five year amortization payment schedule. *Id.* ¶ 8. Eventually, the bar failed and the buyers left the property. *See id.* ¶ 12. The buyers later sued the sellers for equitable title and money damages. *Id.* ¶ 14. Sellers counterclaimed for missing equipment and back rent. *Id.*

The Vermont Supreme Court determined the parties' agreement was a contract for deed rather than a lease option agreement. *Id.* ¶ 29. There are two important characteristics of contract for deed. *See id.* ¶¶ 21–22. First, a contract for deed is a bilateral agreement that creates future obligations on both parties. *Id.* ¶ 21. Second, payments made while the buyer uses the property are applied to the principal of loan. *Id.* ¶ 22. In contrast, a lease option agreement creates a duty on the part of the seller to sell if the buyer exercises the option and the payments are not applied to the principal. *Id.* ¶¶ 23–24. The Vermont Supreme Court determined the agreement was a contract for deed because the agreement was mutual and the seller reduced the outstanding principal when they came to the second agreement. *Id* . ¶¶ 27–28.

*Kellogg* concerned an oral contract for deed. *See* 2013 VT 76, ¶¶ 2–4. The relationship between the parties, which included intimate relationships, changed over the course of the agreement. *See id.* ¶¶ 2–9. Of note, the defendant liquated her life savings to make a down payment on a property owned by the plaintiff. *Id.* ¶ 4. The defendant's predecessor made regular payments but the defendant only made a few payments. *See id.* ¶¶ 5–6. The plaintiff

filed suit for eviction and back rent and the defendant counter-claimed for unjust enrichment. *Id.* ¶¶ 9–10.

The Vermont Supreme Court applied the factors described in *Prue* and determined the agreement was a contract for deed. *Id.* ¶ 15. Because the agreement was a contract for deed, the relationship between the parties was not that of a landlord and tenant. *Id.* ¶ 17. Instead, the Supreme Court held that the buyer had an equitable mortgage in the property. *Id.* ¶ 16.

In this case, the parties also created a contract for deed. *See id.* ¶¶ 15–17; *Prue*, 2013 VT 12, ¶¶ 21–24. The agreement is bilateral because it obligates both of the parties. *Prue*, 2013 VT 12, ¶¶ 21–24. Defendants must make payments on the property until the principal is repaid and then Plaintiffs must turn over legal title. Additionally, the Plaintiffs agreed to pay the preexisting mortgage and any other liens and Defendants agreed to seek financing and to sell their property in Florida. The agreement also indicates the payments reduce the principal. *See id.* Thus, the agreement is a contract for deed.

A contract for deed does not create a landlord-tenant relationship and therefore Plaintiffs cannot use the remedies available to landlords. *See Kellogg*, 2013 VT 76, ¶ 17. While Section 4853a(a) allows landlords to seek an order of payment of rent into court, Plaintiffs are not landlords and cannot use 12 V.S.A. § 4853a(a) against Defendants. Furthermore, in cases involving residential leases governed by the Residential Rental Agreements Act, the ejectment procedures in Title 12, including the rent escrow proceedings, are made applicable by 9 V.S.A. § 4468. However, 9 V.S.A. § 4452(2) specifically excludes from application of the Residential Rental Agreements Act "occupancy under a contract of sale of a dwelling unit…if the occupant is the purchaser…". The Court must therefore deny Plaintiff's motion for payment of rent into Court.

**WHEREFORE** it is hereby **ORDERED**: The Court **DENIES** Plaintiff's Motion for Payment of Rent into Court .

Electronically signed on July 17, 2014 at 04:45 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
K. James Malady (ERN 4300), Attorney for Plaintiff George Davis
K. James Malady (ERN 4300), Attorney for Plaintiff Diana P. Davis
Brian K. Marthage (ERN 1182), Attorney for Defendant James R. Greenlaw
Brian K. Marthage (ERN 1182), Attorney for Defendant Demetra Greenlaw